## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Mikey J. O'Donnell, | Case No. 21-cv-0177 (ECT/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jodi Harpstead, Commissioner MSPPTC/DHS-MSOP; St. Louis County District Court; State of Minnesota, Tim Walz, Governor; Erok Skon, Dept. of Corrections & DHS; and Carlton County District Court, 6th Judicial District, | |
| Defendants. | |

Plaintiff Mikey J. O'Donnell did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that O'Donnell qualifies financially for IFP status. That said, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to

1

"raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Review of O'Donnell's pleading has been complicated by the fact that it is not entirely clear what document O'Donnell intends to be his pleading. Instead, O'Donnell's allegations and claims seem to be scattered across multiple documents — some of those documents festooned with post-it notes and other marginalia. Very broadly speaking, though, O'Donnell's claims can be grouped into two categories.

First, O'Donnell — a client of the Minnesota Sex Offender Program ("MSOP") — alleges that his ongoing detention at MSOP is unlawful. O'Donnell was previously named "Michael Jon O'Donnell" but officially changed (or is in the process of officially changing) his name to Mikey J. O'Donnell.[1] According to O'Donnell, the orders of commitment to

---

[1] The status of O'Donnell's name-change proceedings is not entirely clear from the documents submitted by O'Donnell or otherwise available to this Court. It appears from a recent motion submitted by O'Donnell [ECF No. 5] that his request to change his name has been, or may be in danger of being, rejected in the state courts, and he asks that this proceeding (and many others) be "moved" to federal court. A motion, however, is not the appropriate procedural vehicle through which to remove a case from state court to federal court. Instead, O'Donnell must submit a notice of removal consistent with 28 U.S.C. §§ 1441 and § 1446 for each case that he seeks to remove. Accordingly, O'Donnell's motion will be denied. O'Donnell is warned that it is not obvious that *any* of the cases he has identified may be removed to federal court even through the filing of a

MSOP apply only to Michael Jon (who no longer exists), not to Mikey J. His ongoing commitment is therefore unlawful, O'Donnell claims.

There are multiple problems with O'Donnell's claim, but one takes precedence. In *Heck v. Humphrey*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Put another way, a detainee cannot maintain a civil lawsuit that, if successful, would necessarily cast doubt upon the validity of his facially valid confinement.

O'Donnell, unlike the litigant in *Heck*, is not being held pursuant to a criminal judgment. Still, "the principles set forth in *Heck* are fully applicable to . . . detainees who are confined by reason of a civil commitment, rather than a prison sentence." *McHorse v. Minnesota*, No. 13-CV-0837, 2013 WL 2383603, at *2 (D. Minn. May 30, 2013) (citing, inter alia, *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005); *Banda v. New Jersey Special Treatment Unit Annex*, 164 Fed. App'x 286, 287 (3d Cir. 2006) (per curiam); *Coffman v. Blake*, 156 Fed. App'x 863 (8th Cir. 2005) (per curiam)).

---

notice of removal, either because any notice of removal now filed would be untimely, or because this Court lacks jurisdiction over the dispute, or both.

Additionally, although *Heck* discusses only claims brought for monetary damages, the principles of that case apply to all claims brought in civil litigation that necessarily imply the invalidity of detention, including claims for injunctive relief. *See Jones-El v. Joyce*, No. 4:09-CV-1972, 2009 WL 5217006, at *2 (E.D. Mo. Dec. 30, 2009) (collecting cases). Until O'Donnell successfully challenges the legality of his detention at MSOP through an appropriate procedural mechanism, he cannot seek relief in a civil complaint resulting solely from the fact of that putatively unlawful detention. All claims that necessarily imply the invalidity of O'Donnell's detention must be dismissed without prejudice pursuant to *Heck*. *See Gautreaux v. Sanders*, 395 Fed. App'x 311, 312 (8th Cir. 2010) (per curiam) (modifying dismissal under *Heck* to be without prejudice).

Second, O'Donnell alludes to a variety of potential claims that do not necessarily imply the invalidity of his detention. For instance, O'Donnell requests that he be afforded certain privileges while detained at MSOP; these requests do not depend upon the proposition that O'Donnell's detention is invalid and therefore are not barred by *Heck*. But neither do any of these requests appear to be brought pursuant to any particular statute or cause of action. Absent plausible allegations that O'Donnell is entitled to the things he is requesting under the Constitution or other federal law, none of these requests amount to a viable claim for relief. And even if, for example, a constitutional violation had been pleaded somewhere within O'Donnell's documents, he has not alleged how the specific defendants named to this action are responsible for that violation. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (requiring allegations that defendant is personally involved in events giving rise to injury for liability under § 1983). Accordingly, is

4

recommended that the claims not barred by *Heck* be dismissed without prejudice for failure to state a claim on which relief may be granted.

Only one matter merits further comment. Along with his complaint and IFP application, O'Donnell has requested that an attorney be appointed to represent him in this action. *See* ECF No. 4. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998); *see also In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986) ("The decision to appoint counsel in civil cases is committed to the discretion of the district court."). This Court does not believe that appointment of counsel is appropriate in this matter. O'Donnell's claims are not merely insufficiently pleaded; they are either barred by *Heck* or appear to seek relief without any basis in an actual legal entitlement. This Court is reluctant to appoint counsel without an indication that some avenue of legal redress might be available to O'Donnell, and no such indication can be found in the documents submitted by O'Donnell. Accordingly, it is recommended that the motion for appointment of counsel also be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Mikey J. O'Donnell [ECF No. 2] be **DENIED**.

3. O'Donnell's motion to appoint counsel [ECF No. 4] be **DENIED**.

4. O'Donnell's motion for miscellaneous relief [ECF No. 5] be **DENIED**.

Date: February __25__, 2021              *s/ Tony N. Leung*
                                                           Tony N. Leung
                                                           United States Magistrate Judge
                                                           District of Minnesota

                                                           *O'Donnell v. Harpstead et al.*
                                                           Case No. 21-cv-177 (ECT/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).